IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TUNDRE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:23-cv-02073 |
| | ) | |
| R&R GENERAL CONTRACTORS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM IN SUPPORT OF DEFENDANT R&R GENERAL CONTRACTORS, INC. RULE 12(b)(6) MOTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Defendant, R&R GENERAL CONTRACTORS, INC., hereby respectfully submits this Memorandum in Support of his Rule 12(b)(6) Motion for Dismissal due to Plaintiff's Failure to State a Claim Upon Which Relief Can be Granted.

By KILEY KLEIN, LTD., Their Attorneys,

By: */s/ Jack Kiley*

Jack Kiley, ARDC#6291696
KILEY KLEIN, LTD.
132 S. Water, Suite 610
Decatur, IL  62523
Tel: 217-428-0948
Fax: 217-428-0996
Email: jack@kileyklein.com
karen@kileyklein.com

*Attorneys for Defendant, R&R General Contractors, Inc.*

1

# Table of Contents

SUMMARY OF ARGUMENT ........................................................................................... 3

ARGUMENT .................................................................................................................... 3

    Chronic Hemorrhoids are not a disability under the ADA ....................................... 3

CONCLUSION…………………………………………………………………………….6

# Table of Authorities

**Cases**

*Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir.2005), *citing Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999). .................................................................................. 3

*Charlotte Davis v. Bellsouth Mobility, LLC; 2:01-cv-00986 (Ex. A)*......………………….……..3,4,5

*Toyota Motor Mfg., Inc. v. Williams,* 122 S.Ct. 681, 690 (2002); *Albertson's, Inc. v. Kirkingburg,* 119 S.Ct. 2162 (1999)…………………………………………………….4

*Jeffrey A. Rader v. Upper Cumberland Human Resource Agency, 2:14-cv-00110(Ex. B)* ............ 5

*Scheerer v. Potter*, 443 F.3d 916, 920, (7th Cir.2006)……………………………....……..5

***Rules***

Fed. R. Civ. P. 12(b)(6)………………………………………………………………..3, 6

29 C.F.R. § 1630.2(j)(ii)……………………………………………………………………….5

## SUMMARY OF ARGUMENT

The Plaintiff has filed a claim alleging that Defendant violated the Americans With Disabilities Act of 1990, as amended ("ADA"). [Dkt. 1]. The Plaintiff's claimed disability is chronic hemorrhoids. The Defendant acknowledges a motion to dismiss is ordinarily disfavored, but dismissal of this action is appropriately raised as the Plaintiff cannot, under any factual circumstances, state a claim upon which relief can be granted as chronic hemorrhoids are not a disability as defined by the ADA. Thus, dismissal is appropriate under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### Chronic Hemorrhoids are not a disability under the ADA

The sole issue before this Court is whether chronic hemorrhoids can be considered a disability under the ADA. A complaint may be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the "substantive adequacy" or "legal merit" of that complaint. *Lekas v. Briley,* 405 F.3d 602, 614 (7th Cir.2005), *citing Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir.1999).

There are no Illinois federal cases that appear to address whether hemorrhoids can be considered a disability under the ADA, however other jurisdictions have ruled they cannot be categorized as such; namely in Alabama and Tennessee. While those courts' rulings are not binding on this Court, the Defendant submits the analyses undertaken should be given consideration and that the same conclusion should be drawn; that hemorrhoids cannot be considered a disability under the ADA and dismissal is appropriate as a matter of law.

In Davis v. Bellsouth, a case decided in the United States District Court of Alabama, Defendant's Motion for Summary Judgment was granted where Plaintiff alleged violations of the ADA arising from her hemorrhoid condition. *See Memorandum Opinion Attached as Exhibit A.*

Davis contended that her disability, hemorrhoids, caused her to be unable to control her bowels. She also maintained that she had difficulty walking, standing, using the restroom, and working. Davis testified that her hemorrhoid condition caused her to lose control of her bowels and bleed, which resulted in her soiling her clothes making it necessary for her to return home. She contended that this condition constituted a disability under the ADA because it has caused her to be "substantially limited" in the "major life activities" of walking, standing, sitting, lifting, eating and drinking, dancing, laughing, coughing, and sneezing. Davis pointed out that she is "otherwise qualified" because she could perform her job duties with reasonable accommodations.

Our Plaintiff alleges similar (and perhaps less severe) claims of being substantially limited in major life activities. The *Davis* court, citing the U.S. Supreme Court, stated that in order to prove the first element of her prima facie case, that she is disabled under the ADA, Davis must show that: 1) she has a physical impairment that substantially limits one or more of her major life activities of such individual; 2) that there is a record of such an impairment; or 3) she is regarded as having such an impairment. *See Toyota Motor Mfg., Inc. v. Williams,* 122 S.Ct. 681, 690 (2002); *Albertson's, Inc. v. Kirkingburg,* 119 S.Ct. 2162 (1999).

The *Davis* court determined: "In order to prove a disability under the ADA, Davis must demonstrate that she is not merely impaired, but that her impairment "substantially" limits a major life activity. Davis has not proven that she is "substantially" limited in any life function. The record evidence indicates that Davis was not and is not severely restricted or prevented from doing any activity that is of central importance to most people's lives. The EEOC regulations instruct that certain factors must be considered in determining whether an individual is disabled, such as: 1) the nature and severity of the impairment; 2) the duration or expected duration of the impairment; and, 3) the permanent or expected long-term impact of the impairment. See 29 C.F.R. § 1630.2(j) [citation omitted]. In the present case, Davis is merely attempting to

4

characterize a medical condition that is commonly suffered by millions of Americans as a disability. To characterize such a common malady as hemorrhoids, even severe hemorrhoids, as a disability would thwart the purpose of the ADA."

The same holds true in this case, characterizing even severe hemorrhoids as a disability would thwart the purpose of the ADA. The Tennessee District Court reached the same conclusion years later in *Rader v. Upper Cumberland Human Resource Agency*. In that case, the Plaintiff was diagnosed with hemorrhoids as well as a host of other gastrointestinal issues. The court stated, "An impairment is a disability within the meaning of [the ADA] if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population," 29 C.F.R. § 1630.2(j)(ii), and it is "not sufficient for a plaintiff to identify an impairment and leave the court to infer that it results in substantial limitations to a major life activity." *Sanchez v. Vilsack*, [citation omitted]. Apart from Plaintiff's claims of occasional "incapacitating pain," he offers nothing from which a jury could conclude that he was substantially limited in any major life activity. See, *Scheerer v. Potter*, 443 F.3d 916, 920 (7th Cir.2006) ("Although there can be no doubt that [plaintiff] suffered from pain and significant inconvenience from his . . . condition, he does not point to enough evidence in the record to show that he was prevented from performing, or was otherwise severely restricted in, any major life activities")." *See Rader Memorandum attached as Exhibit B, pp. 11-12*. The Seventh Circuit case cited above, *Scheerer*, involved a claim of disability due to progressively worsening diabetic condition.

Even accepting Plaintiff's allegations as true, there are no set of facts that would warrant a judgment in Plaintiff's favor. This Court can and should determine, as a matter of law, that hemorrhoids are not a disability under the ADA. As stated in *Davis*, the purpose of the ADA

would be thwarted if hemorrhoids, a medical condition experienced by millions of Americans, was considered a disability.

## CONCLUSION

For the above reasons, it is appropriate for the Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6).

WHEREFORE, the Defendant, R&R GENERAL CONTRACTORS, INC., prays the Court enter an order granting a dismissal of this action against Defendant, R&R GENERAL CONTRACTORS, INC., pursuant to Rule 12(b)(6), for costs and for other relief the Court deems just and proper.

Respectfully submitted,

By KILEY KLEIN, LTD.

By: */s/ Jack Kiley*

Jack Kiley, ARDC#6291696
KILEY KLEIN, LTD.
132 S. Water, Suite 610
Decatur, IL  62523
Tel: 217-428-0948
Fax: 217-428-0996
Email:       jack@kileyklein.com
             karen@kileyklein.com

*Attorneys for Defendant, R&R General Contractors, Inc.*

**CERTIFICATE OF COMPLIANCE**

Pursuant to CD IL-LR 7.1(B)(4)(c) the Defendant's Rule 12(b)(6) Motion to Dismiss complies with the type volume limitation, as it contains 1481 words. Pursuant to local rule, counsel relied on the word count of Microsoft Word.

>/s/ Jack Kiley
>
> Jack Kiley, ARDC#6291696
> KILEY KLEIN, LTD.
> 132 S. Water, Suite 610
> Decatur, IL  62523
> Tel: 217-428-0948
> Fax: 217-428-0996
> Email: jack@kileyklein.com
> karen@kileyklein.com
>
> *Attorneys for Defendant, R&R General Contractors, Inc.*

**PROOF OF SERVICE**

      I hereby certify that on this 17th day of April, 2023, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Nathan C. Volheim, Esq.
nvolheim@sulaimanlaw.com
*Counsel for Plaintiff*

                /s/ Jack Kiley

                Jack Kiley, ARDC#6291696
                KILEY KLEIN, LTD.
                132 S. Water, Suite 610
                Decatur, IL  62523
                Tel: 217-428-0948
                Fax: 217-428-0996
                Email: jack@kileyklein.com
                          karen@kileyklein.com

                *Attorneys for Defendant, R&R General Contractors, Inc.*